**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3853 |
| Plaintiff - Appellee, | D.C. No. 2:20-cr-00128-TOR-2 |
| v. | |
| BRADLEY DALE HULL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Bradley Dale Hull appeals from the district court's judgment and challenges

the 200-month sentence imposed upon resentencing following his conviction for

possession with intent to distribute heroin and methamphetamine in violation of 21

U.S.C. § 841(a)(1), (b)(1)(B)(i), and (b)(1)(A)(viii). We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Hull first argues that the district court procedurally erred by failing to (1) consider or address the 18 U.S.C. § 3553(a) sentencing factors, particularly the need to avoid sentencing disparities; and (2) explain adequately its reasons for imposing the same sentence it imposed at the original sentencing. We review for plain error, *see United States v. Bradford*, 148 F.4th 699, 708 (9th Cir. 2025), and conclude there is none. The record reflects that the court heard and considered Hull's arguments, as well as the revised Guidelines range. The record shows that the court agreed with the government that the original 200-month sentence, which was below the Guidelines range even after the range was lowered, remained appropriate as "a sentence that's sufficient but not greater than necessary to comply with the purposes and goals of sentencing." This explanation, which reflects the court's consideration of the § 3553(a) factors, was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (district court need not "tick off" the § 3553(a) factors to show that it has considered them and the court's reasons for the sentence may be inferred from the record as a whole). Moreover, Hull has not shown a "reasonable probability" he would have received a shorter sentence had the court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Hull next argues that his sentence is substantively unreasonable, primarily because the court did not grant the same 15% downward variance from the Guidelines range that it granted at the original sentencing. We conclude the court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Though it is the same sentence the court originally imposed, the 200-month, below-Guidelines sentence is substantively reasonable under the § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see generally Chavez-Meza v. United States*, 585 U.S. 109, 116-17 (2018) (explaining that there is no "proportionality" requirement for the district court in selecting the new sentence after a reduction in the applicable guideline range).

**AFFIRMED.**